IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
BOBBI ROUSSEAU,              )
                             )
              Plaintiff,     )        4:09CV3128
                             )
       v.                    )
                             )
THERMO KING CORPORATION,     )        MEMORANDUM OPINION
a Delaware corporation,      )
                             )
              Defendant.     )
_____)
```

This matter is before the Court on defendant's motion to dismiss (Filing No. 6). The motion will be granted in part.

## I.     BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed her complaint against defendant on May 27, 2009, in Adams County, Nebraska, District Court.[1] (Filing No. 1-2, Attach. 1.) Defendant filed a notice of removal on June 24, 2009, the propriety of which is addressed below.

Plaintiff alleges that she is an employee of defendant's. In September 2007, she was the only employee given a written work plan,[2] which, plaintiff alleges, constitutes "discrimination." (*Id.* at CM/ECF pp. 3-4.) Plaintiff alleges that the work plan "[is] what caused disability" and that

---

[1] On May 26, 2009, plaintiff initiated a separate, but nearly identical, action in this court (Case No. 4:09CV3108, Filing No. 1). That complaint suffered from the same deficiencies as the complaint in this matter, and the matter was dismissed on November 3, 2009 (Case No. 4:09CV3108, Filing Nos. 20 and 21). Because the claims are nearly identical, the Court recognizes that this memorandum opinion is similar to the memorandum opinion and order filed in Case No. 4:09CV3108.

[2] The written work plan specifically states that "[t]his action plan is not a disciplinary step." (Filing No. 1-2, Attach. 1, at CM/ECF p. 11.)

defendant's employee, Chad Hansen, failed to file "papers for disability."  (*Id.* at CM/ECF p. 4.)  Plaintiff further alleges that "I know we are all 'white' all 'male/female' -- I thought it was illegal to discriminate."  (*Id.*)

Attached to plaintiff's complaint is her "Amended Charge of Discrimination," filed with the Nebraska Equal Opportunity Commission on April 23, 2008 (the "Charge").  (*Id.* at CM/ECF p. 9.)  In her Charge, plaintiff states that defendant discriminated against her on the basis of a disability because her "performance is satisfactory" and she was "off work since 10/29/07 due to work related stress."  (*Id.*)  Plaintiff also states that she submitted "dr. statements to [Defendant's] safety director Chad Hansen . . . to receive short term disability benefits," but that "Mr. Hansen did not file the paperwork in a timely manner" and there was a delay in her receipt of benefits.  (*Id.*)  On April 22, 2009, plaintiff again amended her Charge, adding the statement "I am White," marking an "X" in the box "race" on the form, and adding that she was also discriminated on the basis of race.  (*Id.* at CM/ECF p. 8.)  Liberally construed, plaintiff requests that the Court "discuss issues listed," and require an "ISO representative to review" her work plan.  (*Id.* at CM/ECF p. 2.)

Defendant timely filed its motion to dismiss (Filing No. 6) and brief in support (Filing No. 7).  In response, plaintiff filed a motion for non-dismissal (Filing No. 8) and statement of alleged facts (Filing No. 9).  Since the filing of

-2-

the motion to dismiss, plaintiff has also filed 15 separate motions and other documents, all of which the Court has reviewed.

## II.     NOTICE OF REMOVAL

This matter was originally filed in the Adams County, Nebraska, District Court on May 27, 2009 (Filing No. 1-2, Attach. 1, at CM/ECF p. 1).  On June 24, 2009, defendant filed a notice of removal, arguing that removal to this Court is proper because the Court has federal question jurisdiction over plaintiff's claims (Filing No. 1 at CM/ECF p. 2).  On July 15, 2009, plaintiff filed a motion for non-transfer (Filing No. 17). Liberally construed, plaintiff objects to the removal of her claims to this Court.  (*Id.*)

Liberally construed, plaintiff's claims arise under two federal statutes, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112(a), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).  As set forth in 28 U.S.C. § 1441(a):

> Except as otherwise expressly
> provided by Act of Congress, any
> civil action brought in a State
> court of which the district courts
> of the United States have original
> jurisdiction, may be removed by the
> defendant or the defendants, to the
> district court of the United States
> for the district and division
> embracing the place where such
> action is pending.

*Id.*  This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

-3-

States." 28 U.S.C. § 1331; *see also* *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (noting that subject matter jurisdiction in the federal district court is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction). Thus, because plaintiff's claims arise under the laws of the United States, removal to this Court was proper. However, as set forth below, plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted, and this matter will be remanded to state court for determination of plaintiff's state-law claims. *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.")

### III.     DEFENDANT'S MOTION TO DISMISS

#### A.    Motion to Dismiss Standard

Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new

standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B. Plaintiff's Claims

Liberally construed, plaintiff's claims are brought pursuant to the ADA. As set forth in that statute:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life

-6-

activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" Battle v. United Parcel Serv., Inc., 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

While it is unclear, plaintiff may also be asserting claims relating to race discrimination. Title VII, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case of race discrimination, a plaintiff must allege that: (1) she is a member of a protected group; (2) she was qualified for her position; (3) she was discharged; and (4) her discharge occurred in circumstances giving rise to an inference of discrimination. Johnson v. AT & T Corp., 422 F.3d 756, 761 (8th Cir. 2005).

Here, plaintiff has not alleged that she has a disability, that she was qualified to perform her job, or that she suffered an adverse employment action. Plaintiff does not allege that she has a physical or mental impairment, or that such impairment substantially limits a major life activity. Other than the passing references to her job causing a "disability" and to Mr. Hansen's failure to timely process "papers for

-7-

disability," the complaint does not contain a single allegation relating to a disability (Filing No. 1-2, Attach. 1, at CM/ECF pp. 2, 4). Likewise, the only mention of race is plaintiff's statement that "I know we are all 'white' all 'male/female'-I thought it was illegal to discriminate." (*Id.*) In addition, in her filings since the filing of the motion to dismiss, plaintiff specifically stated "I never said I was singled out based upon disability," and has otherwise made it clear that her claims are not based on "color or sex." (Filing No. 14 at CM/ECF p. 2; Filing No. 18 at CM/ECF p. 6.) Thus, plaintiff failed to allege that she is a member of a protected group, or any other allegation supporting a prima facie case of race discrimination.

Even if the Court considers the statements set forth in the Charge, as amended, these statements are "conclusory" and amount to "[t]hreadbare recitals of the elements of a cause of action," rather than factual allegations. *Ashcroft*, 129 S. Ct. at 1950. Liberally construing the complaint, plaintiff is upset regarding the written work plan provided to her in September 2007 and the mishandling of her workers' compensation/short-term disability claims. However, plaintiff has failed to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" that the written work plan was related in any way to a disability or to plaintiff's race. Plaintiff's ADA and Title VII claims will be dismissed.

Liberally construing the complaint, plaintiff may have state-law claims relating to discrimination and workers'

-8-

compensation.  Indeed, plaintiff specifically claims that defendant's employee failed to timely process her workers' compensation claim, resulting in a delay in her receipt of benefits (Filing No. 1-2, Attach. 1, at CM/ECF p. 4; Filing No. 32 at CM/ECF p. 2).  The Court declines to exercise supplemental jurisdiction over these claims, and in accordance with 28 U.S.C. § 1441(c), the remaining claims contained in the complaint will be remanded to the Adams County, Nebraska, District Court.  A separate order will be entered in accordance with this memorandum opinion.

    DATED this 6th day of November, 2009.

        BY THE COURT:

        /s/ Lyle E. Strom

        _____
        LYLE E. STROM, Senior Judge
        United States District Court